May it please the court, appearing on behalf of the appellant, I want to indicate at first that the bystander's report is not an issue. So that is not anything you need to concern yourself with. And if your clerks have done a good job on addressing that issue, you may want to save it for another case. This is a common law record case to which you have to make reference. I indicate that we did file a verified complaint and have contended that a verified response should have been made by the appellee. I do recognize that there are some cases that have indicated when there is a verified complaint there may be instances where there need not be a verified reply. That doesn't mean, however, as most of the courts have done in error, that you still don't have a hearing on the verified complaint and the non-verified response. Those issues remain, and yet most of the cases that I've read rely upon it isn't required to be verified and that's the end of the case. I don't believe that's true, and I think that your review, if it hasn't been approached, is the way it is. Given that, we believe that the non-verified responses of the appellee are not sufficient to address and overcome what we've done from a verified standpoint. And in that regard, I go to the brief of the appellee in which there's reference to, on page C42 of the record, that the proceedings in the foreclosure action represent affirmative matter that compels the dismissal of this complaint. The affirmative action they're talking about is another lawsuit, an earlier lawsuit that took place in which they were not a party. It was a case in which my client was a party and which was resolved through settlement. The provisions, cases, and circumstances that led up to that dismissal are what has been relied upon by the appellee herein. They have referred to the docket sheet or record sheet of that lawsuit, which I believe contributes nothing to their defense to what we've been pleading. It refers to an order of possession that related between my client and the lender, or as it were, the plaintiff. There's a reference as well to a motion I had filed when I say, on behalf of Mr. Nesbitt, in that lawsuit, which was never heard. It refers to, counsel does, refers to another, which was a motion to set aside the judgment of foreclosure and dismiss the case, which was granted. And to the order that was entered at the end of that case, indicating that the judgment of foreclosure, which had been entered against my client, was set aside. And the other two counts of the case against my client were set aside. Isn't the question whether the bank waived rent, isn't that what this is about? It's not about that in total, because our claim for the rent is not just for that time period. Our claim for that rent is beyond that. And one of the exhibits that I believe counsel has submitted to you is what was an exhibit in their pleading. It's from page C68, in that my client, David Nesbitt, and one of his clients, Joseph Beamer, made an agreement relative to an ongoing rental to resolve some of their differences. But which, at the end of it, there are indications that there are issues that have not been resolved and that the dispute is not prejudiced by this letter or the payment of rent as referenced. So the disputes as to the prior rent or the nonpayment of rent relate to certain amounts. And there is correspondence in here, the particular exhibit I don't recall, where they were given some time to do some repair on the building. And then they had to come back and begin payments. So how much of that time should be a credit for to my client, who had this agreement with the appellee? So I don't know if I'm addressing your question. No, you are. Was this argument made to the trial court? Yes. Yes, it was. But unfortunately, I will never do this again. We don't have that. We only have the common law record. And I swear to God, I'll never permit this to happen again. And I'm going to be back with you in about a month or two where a judge forced me to do it. And I hope I have the same panel so you can consider what did or didn't happen. In any event, that's our position relative to, I think, your question and how it's being resolved. Should the dispute that we have that raised the question, counsel did not, the party did not waive their jury demand. They didn't waive their jury demand initially when they filed their responses to our complaint. Nor did they waive it as they were coming forward with their other pleadings. So it stands out there. My view on that is the case has to go back for nothing more than to be heard upon whether judgment should be granted. It was not, they've not waived it. So in some of the case law, I've been reading that when that hasn't been resolved, the case remains and should be sent back by you kind people to the trial court to be decided. So that's one of the principal issues I have before you. And again, like I say, common law record. The entire response that I've been referencing to you are those documents that I stated. And so far as my client is concerned, we have a situation where we have that document. We don't have a verified response with no leave to use the documents that they filed in support of their motion against us. In that motion against us, all of the support for that motion is from the case that was previously heard in which they were not involved and which was settled at the end. There are no propositions within the settlement that this person did this and we waive it or this person did that and waived it. It just says it's dismissed, these counts are dismissed, and it's concluded. Again, they were in that lawsuit. They now want to draw upon those issues and some of the pleadings that appeared in them, not certified, to take their position to say this is all over, it's ratioed. Those exhibits, when you review them, as I summarized them, I believe, in some way, don't go to the issues we're talking about here. They were extracted from the record in the other lawsuit in a manner that was, in their thought, in support of their position. But they were doing so in a manner that did not involve certification or did not relate to anything what we're talking about. And that's why, without alleviating it anymore, I went through some of these things where order, possession, nothing, I believe, was raised judicata to our position. So without belaboring these things, which I would tend to do over and over again, reference to those exhibits. Reference to those exhibits for which no leave, whether in thought, thought, or granted. So we have things over here in this lawsuit that they wish, lawsuit that's completed, that they wish to bring over into this lawsuit without leave and say on this basis, I lose. From here to here with no leave. So no opportunity for me to then object and say, well, what are we going to do about it and how does it relate? So principally, that is what I'm raising for you today. And I wish I could bring the rabbits out of the hat for the non-exhibit part situation. But that's our position, unless you have some questions. I don't think so. Thank you. If I could be this quiet and be this short at home, my wife would love me. Mr. Patterson. Do you want to explain why the bank didn't charge you any rent? I will certainly step up to that, Your Honor. Good morning. Pleased to court. Opposing counsel. My name is Clayton Patterson. I represent the defendants' appellees in the U.S. Molding Solutions. And Joseph Dean. Starting with the question by Justice Appleton, why the bank rate waived rent? I believe that this was originally Union Planners Bank, followed by Regions, which acquired it. I believe this was a situation where the bank didn't exactly have control over the foreclosure, let alone the nature of it being a commercial foreclosure and the duties that were upon that bank to be a receiver and maintain a certain record. We see a reflection of that in the motion to dismiss that was filed in the foreclosure action that is attached to my motion to dismiss that is part of the record. Mr. Morrell, on behalf of his client, identified that there were several deficiencies in how the bank handled itself as a receiver. I think, again, I go back to that that resulted from the bank not being ready to manage a commercial property, the demands of managing a commercial property, the upkeep, and so forth. Well, your client was in possession for several years? Correct. And during at least a portion of that time wasn't paying any rent? That's the averment, anyway. The chronology of events is my client has been in possession, was in possession of the property from approximately 2000. Foreclosure began in 2006. My client continued in possession of the property. There were issues my client had with the bank and its duties as a receiver. My client withheld rent trying to provoke the receiver to take action on certain issues. It was referenced in my motion to dismiss it in the affidavit. There were substantial leaking issues. When you have leaking water into a manufacturer of plastic materials, that creates problems. I get the flavor of that. And what strikes me is that the two of you are fussing with nonpayment of rent and damages to the premises, so on and so forth, but the person that you probably both are mad at is not in the lawsuit. That's the bank. That is a point to be considered. I would counter with, had Mr. Morell, on behalf of his client, raised that issue in response to my motion to dismiss, and I would point out that his response was a bare-bones response. It's on page 88 and 89 of the record. It's barely one page. It addresses no meaningful issues. Had he raised that, then I could have gone out, sought additional affidavits, if necessary, from Mark Trombs, taken additional steps to counter those arguments. But this is going to go back to what the main gist of my argument is and what I urge the Court to consider is the issue of waiver. And waiver is really applicable in two ways here. First, procedurally, as to what arguments can be presented by the appellant on appeal. And second, substantively, as to how those arguments have been made. We heard during oral argument there was a focus on two of the four arguments that you really find in the appellant's brief on the issue of verification, the issue of notice. Then there's two more on the issue of whether the affidavit was sufficient and whether leave should have been granted to file an amended complaint. None of those issues were ever raised before the trial court. We are limited by the response that was filed. That response acts as a confining limit as to what issues Mr. Morell, the appellant, can raise on appeal. There was no court report. There is no transcript of the proceedings. I'm very well aware that the bystander's reports were filed with the appellate court, but ultimately they were rejected by the trial court. So he admitted that it was a mistake on his part, perhaps a tactical error, not having a court reporter present. But as the appellant, he is responsible for providing a complete record of appeal to this court, and we can only work with what is actually in the record. Now I mentioned that none of those issues were raised in response, and as such he can't demonstrate that those issues were ever raised before the trial court. With respect to issues not raised before the trial court, those issues can't be raised on appeal, so they're going to be deemed waived. That's the procedural argument. Moving over to the substantive argument, he raised the issue of the motion to dismiss not being verified. Well, there's no citation to authority that's relevant on that point. The cases that he cites relates to an answer being verified. In his reply, he willfully ignores the cases that I cited that stand for the proposition that a motion to dismiss is not the character and type of the document that would be subject to verification. Now, continuing on, he raised the issue that the trial court heard by taking judicial notice of the foreclosure action. Now, again, there's no case law cited to support that point, but he does make certain factual arguments, and one of those factual arguments that he's made is that my client never requested leaving to the court to take judicial notice. That's simply incorrect. Take a look at page 38 of the record. That is a portion of the motion to dismiss. There's a footnote in there whereby we are requesting that the trial court take judicial notice of the entire foreclosure action file. But we don't know if the trial court did that. There is a presumption that the trial court would have acted reasonably if this had been a case under where we were in separate counties. Certainly, we would have gotten the documents certified, attached them to the motion, but here the Illinois Supreme Court has held that a trial court could take judicial notice of its own file. Right, but we don't know if the court did. But we know that the request was made, and I think it's a reasonable presumption that the court would do so, and to help the court take judicial notice of that, I did attach a large portion of the foreclosure action file to the motion to dismiss. I had the orders and motions referenced by Mr. Morell. I had the docket sheet as well. A second example with respect to the judicial notice, he indicates that my client was not a party to that action. Well, in fact, Midwest Molding Solutions was a party defendant to the foreclosure action. I'll direct this court's attention to pages 48-55 of the record. That's the docket sheet from the foreclosure action. Midwest Molding Solutions was clearly a party. If you look through some of the attachments to the motion to dismiss, Midwest Molding Solutions through other counsel shows up on their certificates of service. In fact, they were a party. So this argument that's being set forth by the appellant, not only is it not supported by case law, he's supporting it with facts that aren't in the record, and, in fact, this isn't a situation where it's an aggressive interpretation of the record, where he's zealously advocating for a certain position. The facts that he's citing are directly contradicted by the record. I've given specific case sites to that effect. With respect to the issue of whether the trial court erred by not allowing him to file the mini-complaint, he supports this argument. Well, this argument is fundamentally flawed that it fails to identify a portion of the record that supports it. But what he does is he asserts that Lee was, quote, initially granted and then withdrawn, end quote. That's in his reply. However, there's no citation to the record to show that the trial court ever did that. If you go through the entire record, there's never a motion for Lee to file. There's never an admitted complaint just attached without a motion. There's no docket entry reflecting that Lee was ever requested. There's no order indicating that Lee was denied or granted. The record is silent on it. And this goes back to the burden is on the appellant to provide a complete record on appeal for the issues they want to raise. So they've raised these four issues. Procedurally, they were never raised before the trial court. Substantively, they haven't presented coherent arguments. They haven't supported those arguments with relevant citations to authority or to the record. That's all in violation of Supreme Court Rule 341H7. And arguments made in violation of that rule do not merit consideration. It should be found to be waived. So from both a procedural standpoint and a substantive standpoint, the arguments that were raised today on oral argument, as well as found in the brief, they've all been waived. He can't make those arguments. We are confined by the record on appeal. So it's for those reasons, and those set forth in my brief, that I respectfully request that this court affirm the trial court's April 24, 2012, order dismissing the complaint with prejudice. The affidavit relies upon letters, which would seem to be hearsay and therefore inadmissible. Does that make any difference? The affidavit sets forth the facts of that from Midwest Moulding's position, and it's President and Mr. Diemer, where it was waived, and the exhibits that are attached to that affidavit show support for why he acted in the way he did by not paying rent for the time periods that are at issue. But certainly, had a counter-affidavit been filed... Well, does that answer the question I asked, though? You would agree they're hearsay. I would say that the affidavit is admissible, and with respect to the letters, it depends on if I'm bringing it in for the truth of the matter asserted, that would be inadmissible. If I'm bringing it in to show the motivation of the actor or why certain actions were taken, they may be admissible. That would be for the trial court to rule. What about the time period June 2010 through July 2011? I'll refer to that as the gap period, and Justice Turner identified that. So we have the time frame of... Rent was waived prior to February 1, 2010. Going forward, my client was to pay rent. I believe it was $1620 a month. Sorry, I don't have that in front of me. And he continued paying that rent. Well, he paid that rent from February through June, and then on the condition that certain repairs be made to the building. Now, since the bank had acknowledged that the rent previously had been waived, my client viewed that as a good faith gesture. I'm going to start paying rent. They are going to get that rent, use that money to repair that leaky building that's causing so many problems for his manufacturing facilities. He gave a four-month period. The bank never did it. And again, this goes back to the point, well, maybe we're both mad at the bank. But those arguments weren't ever raised over here. That gap period argument, it was never raised before the trial court. There's no record to indicate that it was ever addressed. Again, we're confined to the record. Don't you, as the moving party in the trial court, have the burden of showing by affidavit or otherwise that no rent was due and owing for that period? I did. I showed that the rent had been waived by the date. Regents dismissed the foreclosure proceeding in June, right? June 30th, moved to dismiss. That date seems correct. Of 2010. 2011, July 2011. June 2011 is when the motion was filed. July 8th, 2011 is when the order was entered. Okay, 2011. So was Regents in possession until when? What's that time frame? I believe Regents was in possession for a period after the filing of the foreclosure action. Which was when? April 2006. And the first time it was appointed mortgagee in possession was December of 2006. And then I believe for procedural reasons that aren't clear from the record of foreclosure action, it was reappointed mortgagee in possession in August of 2008, so two years later. And then it continued to be in possession of property until the entry of the order, at which point its role as mortgagee in possession would have terminated and the property would have been turned back over to Mr. Nesbitt or his operating entity. So no rent was paid during that period of June 30th, 2011, until July of 2011. Is that correct? Excuse me, June of 2010 until July of 2011. That is the gap period, correct. And the bank didn't demand rent again? The bank did not. But they had demanded that rent start again in February or so. On the condition, we agreed to start paying rent on the condition that they would then repair the properties. We made good faith gesture, as in came after they had been paid for four months of rent. That rent was never, the Regents never took actions to correct the deficiencies with the property. So we withheld rent again. But again, that gap argument. So why isn't that an issue for determination by the trial court, whether or not you owe rent for that period of time? Because Regents made a demand that you start to pay rent, didn't they? Procedurally, it was never raised before the trial court. That was the burden on the appellant to raise. Well, that's what their whole cause of action is about, though, passing the rent. I'm not sure of their cause of action. I view it as that clear. And I would suggest that at the time that the appellant was resolving their dispute with Regents, that certainly the issue of Regents' conduct during that time frame was known to Mr. Nesbitt. That certainly could have been addressed. Whether they chose to address it or not is not revealed by the record in this case or the record in the foreclosure action. It's uncertain whether there was any formal settlement agreement between the parties. But the presumption is they would have resolved all issues between them before dismissing the foreclosure action. Anything else? I have nothing further. All right. Thank you. Rebuttal? Very briefly, the question you asked about the lease and whether the obligations were, in fact, there. In the complaint, the reference in one of the pleadings, pardon me, one of the paragraphs is that the respective leases bind between the may hold over and continuous as tenants providing payments up until a later date. The next paragraph says, based on they could be held over to do that, they failed to make rental payments and they have generated fees during this time period which they haven't paid. So I think that addresses the question you had relative to whether we made it apparent to them what we wanted in the way of finances for what they hadn't done. And the other thing, just briefly to you, there's a recitation in Apple Lease Brief on page 10 where they indicate that the defendants requested that the trial court take judicial notice of the foreclosure action. And they recite a page, C38, from 38 on to the complete of that document. There is no request, none, that any judicial notice be taken of the foreclosure action. Thank you. All right. We'll take this matter under advisement and stand in recess until further call.